**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

vs.                                                                         Case No. 6:05-cr-146-Orl-19KRS

**CHARLES FLOYD GANNON.**

    **Defendant.**

_____

**ORDER**

This case comes before the Court on the Rule 35 Motion to Correct Sentencing Error filed by Defendant Charles Floyd Gannon on February 14, 2006, (Doc. No. 26), and the Response to Defendant's Rule 35 Motion to Correct Sentencing Error filed by the United States of America on February 24, 2006.  (Doc. No. 29).

**Background**

The Defendant's initial offense of conviction was a Class C felony, possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1). However, due to the Defendant's numerous prior convictions, his sentenced was enhanced under Title 18, United States Code, Section 924(e)(1), which provides an enhanced sentence for armed career criminals.  Due to this enhancement, Gannon was sentenced on March 1, 1993 to 168 months of imprisonment, followed by three (3) years of supervised release.

On February 9, 2006, the Court found that the Defendant had engaged in new criminal conduct occurring while he was on supervised release and sentenced the Defendant

to two (2) years of imprisonment, followed by one (1) year of supervised release. (*See* Doc. No. 23). Over the Defendant's objection, the Court found pursuant to Title 18, United States Code, Section 3583(1993), the statute in effect at the time of Gannon's original sentencing, that Defendant's three-year term of supervised release should be revoked, he should be given no credit for time previously served on postrelease supervision, and he should be sentenced to a mixed term of two years imprisonment, followed by one year of supervised release. *See* 18 U.S.C. § 3583(e)(3) (1993). In this manner the public could be protected from further criminal acts of the Defendant, Defendant could be appropriately punished for his violation of the terms and conditions of his supervised release taking into consideration his criminal history, but the Defendant would also be given another period of supervised release in which to try to integrate into society under the auspices, and with the assistance, of U.S. Probation.

Gannon now argues that the Court committed clear error in sentencing him to a year of supervised release following his two year prison sentence. Gannon argues that three cases, *U.S. v. Williams*, 958 F.2d 337 (11th Cir. 1992), *United States v. Corvo*, 2006 WL 162955 (11th Cir., Jan. 23, 2006), and *United States v. Williams*, 425 F.3d 987 (11th Cir. 2005), clearly establish that the Court was without authority to sentence the Defendant to any additional time on supervised release following his two-year term of imprisonment. (Doc. No. 26, p. 2). Surprisingly the Government concedes that the cases cited by the Defendant demonstrate the sentence imposed by the Court is "improper" and argues that a

harsher sentence of three years imprisonment is not only proper, but justified in the instant case.  (*See* Doc. No. 29, pp. 2-3).[1]

This Order analyzes the Defendant's Rule 35 Motion to Correct Sentencing Error, (Doc. No. 26), and the Government's Response.  (Doc. No. 29).

## Analysis

After careful consideration, the Court determines that both parties' interpretation of the law is largely incorrect and that there is no "arithmetical, technical, or other clear error" which justifies a change in the Defendant's sentence pursuant to Federal Rule of Criminal Procedure 35(a).  The sentence imposed by the Court on February 9, 2006, providing that upon revocation of his supervised release the Defendant shall serve two years of imprisonment followed by one year of supervised release, shall stand.

The Defendant argues, and is correct, that the 1993 version of 18 U.S.C. Section 3583 applies.  *See U.S. v. Gresham*, 325 F.3d 1262, 1265 (11th Cir. 2003).  Section 3583(e)(3) (1993) provides that if a defendant violates the terms of his supervised release, a court may revoke the full term of his supervised release, except that the defendant may not

---

[1] The parties are given notice that in view of Defendant's criminal history and his self-proclaimed profession as a career burglar, coupled with his extensive criminal record demonstrating an unusually high level of commitment to such career, even after serving a lengthy prison term before he transferred to this jurisdiction, the Court would sentence Defendant to a three year term of incarceration on revocation of his supervised release in this case if the ability to reimpose a period of supervised release after service of a two year period of incarceration was not available under the law.  Defendant was advised by the Court at the revocation hearing that he was being given a one year period of supervised release following the two years of imprisonment so that he could show rehabilitation, but that if he violated the terms of his supervised release during that one year, particularly by committing another burglary, the Court would not hesitate to again revoke his supervised release and send him back to prison for the last year of the period of supervised release.

be sentenced to more than two years in prison if the underlying offense supporting his original conviction was a Class C or D felony. *See* 18 U.S.C. § 3583(e)(3). In this case, the Defendant's initial violation was a Class C felony.

The Defendant argues that Eleventh Circuit precedent dictates that when a court revokes a defendant's supervised release and sentences him to a prison term, the court may not then "tack on" supervised release again after the new prison term has been carried out. Although Eleventh Circuit precedent once held that upon revocation of a term of supervised release, a district court is without statutory authority to impose both imprisonment and another term of supervised release, *see U.S. v. Tatum*, 998 F.2d 893 (11th Cir. 1993), this position has been explicitly overruled by a United States Supreme Court case interpreting Section 3583(e)(3). *See Johnson v. U.S.*, 529 U.S. 694 (2000). In fact, the Supreme Court in *Johnson* expressly overruled the position taken by the Eleventh Circuit in the *Tatum* case. See *Johnson,* 529 U.S. at 699 n.2, 703-713 (2000).

The Court is troubled that counsel for both parties failed to reference a 2000 United States Supreme Court opinion applicable to the facts in the instant case. Perhaps the messy procedural posture of the case at bar, which requires the Court under principles of statutory retroactivity to "go back in time" to apply the language contained in 1993 statute, yet allows the Court under principles of common law reasoning to apply a 2000 case to the 1993 language, was confusing. Nevertheless, *Johnson* is clear that Section 3583(e)(3) gives district courts the authority to order terms of supervised release following reimprisonment. *Johnson*, 529 U.S. at 713.

As for the cases cited by the Defendant, *U.S. v. Williams*, 958 F.2d 337 (11th Cir. 1992), simply states in dicta the same language in *Tatum* which was overruled by the Supreme Court in *Johnson*. *See Williams*, 958 F.2d at 339 n.1. As well, *U.S. v. Corvo*, 2006 WL 162955 (11th Cir. 2006), is distinguishable because it is based on the 1995 version of the statute in question, which included an additional section, 3583(h), not present in the 1993 version of the statute which applies to Defendant. *See Corvo*, 2006 WL at *2-*3. As both *Johnson* and the Defendant point out, subsections added to Section 3583 after Gannon's original conviction cannot govern the instant matter. (*See Johnson,* 529 U.S. at 701-03; Doc. No. 26, p. 1). Lastly, *U.S. v. Williams*, 425 F.3d 987 (11th Cir. 2005), is also distinguishable for several reasons. The issue in *Williams (2005)* involved credit for time served after a second "re-revocation" of supervised release, after the defendant had already violated his supervised release on an earlier occasion and had his supervision revoked in favor of imprisonment. *See Williams*, 425 U.S. at 990. It did not involve a situation factually similar to the case at bar.

The Government argues that the Defendant could have been sentenced to as long as three years of imprisonment on revocation of his supervised release.[2] Regardless of this fact, the Court finds that there was not clear error in the Defendant's original sentence, as articulated by the Supreme Court in *Johnson*. Furthermore, the Court again finds that the

---

[2] The Government argues that because Gannon was sentenced pursuant to 18 U.S.C. 924(e), and the maximum term of incarceration applicable to such enhanced firearms offenses is life imprisonment, *see U.S. v. Thomas*, 242 F.3d 1028, 1034 (11th Cir. 2003); *U.S. v. Brame*, 997 F.2d 1426, 1428 (11th Cir. 1993), the Court is permitted under Section 3583(e)(3) to revoke the Defendant's three year term of supervised release, give him no credit for any time on supervised release, and sentence him to three years reimprisonment. (*See* Doc. No. 29, p.2).

Defendant's sentence was sufficient, but not greater than necessary, to comply with the purposes set forth in Title 18, United States Code, Section 3553(a)(2). Thus, the Defendant's sentence upon revocation of his supervised release will remain unchanged.

### Conclusion

Based on the foregoing, the Rule 35 Motion to Correct Sentencing Error, filed by Defendant Charles Floyd Gannon on February 14, 2006, (Doc. No. 26), is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this 28th__ day of February, 2006.

*[Signature]*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record